UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-NC1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC1,<br><br>Plaintiff,<br>v.<br><br>TRP FUND V, LLC; TROVARE HOMEOWNERS ASSOCIATION; and ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No. 2:17-cv-00515-MMD-BNW<br><br>ORDER |

**I.  SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are three cross motions for summary judgment filed by Defendant Trovare Homeowners Association ("HOA") (ECF No. 66); Plaintiff U.S. Bank (ECF No. 67); and Defendant TRP Fund V, LLC ("TRP") (ECF No. 69). The Court has reviewed the parties' responses (ECF Nos. 68, 70, 72, 73) and replies (ECF Nos. 71, 74, 75). Because the Court agrees with TRP that the foreclosure sale at issue extinguished U.S. Bank's interest in the property, the Court grants TRP's and the HOA's motions for summary judgment and denies U.S. Bank's motion for summary judgment.

**II.  BACKGROUND**

The following facts are undisputed unless otherwise indicated.

///

///

### A. Deed of Trust History

Gumercindo Favela, Leonor Favela, and Luis Favela ("Borrowers") purchased property ("Property") located within the HOA[1] at 5525 Hidden Rainbow St., North Las Vegas, NV 89031 on November 22, 2006. (ECF No. 67-1 at 2-4, 22.) The Borrowers purchased the Property with a loan ("Loan") in the amount of $276,250 secured by a first deed of trust ("DOT"). (*Id.* at 2-3.) The parties do not seem to dispute that U.S. Bank owns the DOT. Leonor Favela became the sole owner of the Property on September 10, 2013. (ECF No. 67-3 at 2-4.)

### B. HOA Lien and Foreclosure

The HOA's agent—Defendant Absolute Collection Services ("ACS")—recorded a notice of delinquent assessment lien, notice of default and election to sell, and notice of sale against the Property between January and June 2014. (ECF Nos. 67-4; 67-5; 67-6.) TRP purchased the Property at the foreclosure sale ("HOA Sale") on November 18, 2014, for $96,000. (ECF No. 67-7 at 2-4.)

### C. Complaint

U.S. Bank asserts the following claims in the Complaint: (1) quiet title/declaratory relief under 28 U.S.C. § 2201, NRS § 30.010 *et seq.*, and NRS § 40.010 against all defendants (ECF No. 1 at 10); (2) declaratory relief under the Fifth and Fourteenth Amendments against all Defendants (*id.* at 12); (3) quiet title under the Fifth and Fourteenth Amendments against TRP (*id.* at 13); (4) permanent and preliminary injunction against TRP (*id.* at 14); and (5) unjust enrichment against TRP (*id.* at 15).

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,

---

[1] The Court assumes that the Property is located within the HOA even though the planned unit development rider attached to the DOT identifies the planned unit development as "Ann/Goldfield." (ECF No. 67-1 at 22.)

the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v.*

3

*Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.     DISCUSSION**

The Court addresses the issues raised in U.S. Bank, TRP, and the HOA's respective summary judgment motions collectively because they make overlapping arguments and seek rulings on the same issues. The Court begins its analysis from the presumption that the HOA Sale extinguished the DOT and that TRP thus owns the Property free and clear of the DOT. *See Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-00240-MMD-CBC, 2019 WL 470901, at *3 (D. Nev. Feb. 6, 2019) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014)). The Court finds that U.S. Bank fails to rebut this presumption and addresses each of its relevant arguments below.[2]

    **A.     Constitutionality of NRS § 116.3116**

U.S. Bank advances only one argument in support of its motion for summary judgment—the HOA foreclosed under an unconstitutional statute. (ECF No. 67 at 7-12.) The Court rejects this argument as it has in numerous other HOA cases. *See, e.g.*, *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 935-37 (D. Nev. 2019); *see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019).

    **B.     Equitable Relief**

In opposition to the HOA's motion for summary judgment, U.S. Bank argues that the HOA Sale should be set aside on equitable grounds. (*See* ECF No. 70 at 10-13.) The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from

---

[2]U.S. Bank argues that TRP's motion for summary judgment should be summarily denied because it does not contain a statement of undisputed facts. (ECF No. 72 at 3.) The Court rejects this argument because U.S. Bank has not identified any facts that are disputed.

4

a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sales price aside, U.S. Bank has not demonstrated fraud, unfairness or oppression. U.S. Bank first argues that the sale was unfair because the HOA represented in the covenants, conditions, and restrictions ("CC&Rs") that the foreclosure sale would not extinguish the first DOT. (ECF No. 70 at 12-13.) While a mortgage protection clause alone is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale, *Bank of New York Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018), U.S. Bank further argues that the HOA failed to identify the superpriority amount of the lien in the foreclosure notices and improperly included attorney's fees and collection costs in the total lien amount. (*See* ECF No. 70 at 11-13.) The HOA was not required to identify the superpriority amount of the lien in the foreclosure notices. *See JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 200 F. Supp. 3d 1141, 1169 (D. Nev. 2016). In addition, the HOA's inclusion of attorney's fees and collection costs does not warrant setting aside the foreclosure sale. U.S. Bank "has not shown that it was harmed by the inclusion of additional costs and fees in the HOA lien, and thus no genuine issue of material fact exists as to whether including collection costs and attorney's fees invalidated the foreclosure sale—it did not." *Id.* Finally, U.S. Bank has not argued or demonstrated a lack of substantial compliance with NRS § 116.3116. *See id.*

Accordingly, the Court denies U.S. Bank's request for equitable relief.

///

///

### C. Wrongful Foreclosure

U.S. Bank argues that the HOA is not entitled to summary judgment on U.S. Bank's wrongful foreclosure (ECF No. 70 at 9-10), but the Complaint does not assert a claim for wrongful foreclosure against the HOA. (*See* ECF No. 1.) Rather, the Complaint asserts claims against the HOA for quiet title and declaratory relief. (*See id.* at 10-13.)

Accordingly, the Court will grant summary judgment in favor of the HOA on U.S. Bank's first and second claims. The Court also will grant summary judgment in favor of TRP on all of U.S. Bank's claims. The Court will *sua sponte* dismiss the claims for quiet title and declaratory relief against Defendant ACS as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that summary judgment is granted in favor of the HOA on U.S. Bank's first and second claims and in favor of TRP on all of U.S. Bank's claims.

It is further ordered that U.S. Bank's claims against Defendant ACS are dismissed as moot.

It is further ordered that U.S. Bank's motion for summary judgment (ECF No. 67) is denied.

It is further ordered that HOA and TRP's motions for summary judgment (ECF Nos. 66, 69) are granted.

It is further ordered that the Clerk of the Court enter judgment in favor of the HOA and TRP and close this case.

DATED THIS 14th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE